1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5531
    Fax:  (415) 703-5843
8   Email:  Denise.Yates@doj.ca.gov
   Attorneys for Respondent Dawn Davison, Warden at
9  the California Institution for Women
   SF2008400541

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15  **BRANDEE TRIPP,**                    No. 07-05748 CW

16                        Petitioner,     **RESPONDENT'S NOTICE OF**
                                          **MOTION AND MOTION TO**
17         v.                             **DISMISS; SUPPORTING**
                                          **MEMORANDUM OF POINTS AND**
18  **DAWN DAVISON, Warden,**             **AUTHORITIES**

19                        Respondent.     NO HEARING REQUESTED

20

21        TO PETITIONER BRANDEE TRIPP, THROUGH COUNSEL ADRIAN

22  WOODWARD,

23        PLEASE TAKE NOTICE that Respondent, Dawn Davison, Warden at the California

24  Institution for Women, moves this Court to dismiss the Petition for Writ of Habeas Corpus,

25  pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the

26  United States District Courts, on the ground that Tripp did not exhaust her state court remedies

27  for all of her claims.  This motion is based on the notice and motion, the supporting

28  memorandum of points and authorities and exhibits, the petition for writ of habeas corpus, the

---

Resp't's Notice of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.          *Tripp v. Davison*
                                                                               No. 07-05748 CW

1 || court records in this action, and other such matters properly before this Court.

2 || ## MEMORANDUM OF POINTS AND AUTHORITIES

3 || ## INTRODUCTION

4 || Petitioner Tripp (W-15695) is a California prisoner serving an indeterminate life sentence

5 || and is proceeding with counsel in this matter. (Pet. 2, 38, 40.) Tripp alleges that the Governor

6 || violated her federally protected liberty interest in parole when the Governor denied her parole

7 || because the Governor's decision was based on incorrect facts, breached her plea agreement, was

8 || unsupported by the evidence, did not establish a nexus between the facts and her parole risk, and

9 || turned her sentence into life without the possibility of parole. (Pet., Table of Contents & 9.)

10 || Respondent moves to dismiss Tripp's federal petition because she did not exhaust all of her

11 || federal claims in all of the California courts. Rules Governing § 2254 Cases in United States

12 || District Courts, Rule 4, Advisory Committee Notes, 2004 Amendments ("The amended rule

13 || reflects that the response to a habeas petition may be a motion.") Accordingly, this Court must

14 || dismiss this mixed petition.

15 || ## ARGUMENT

16 || ## THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS
BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.
17 ||

18 || Because Tripp did not exhaust every one of her current federal claims in the state courts,

19 || this Court must dismiss this mixed petition. A federal habeas petitioner must exhaust her

20 || available state court remedies before a federal court may grant her petition. 28 U.S.C. §

21 || 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district

22 || court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*,

23 || 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to

24 || resolve federal constitutional claims before they are presented to the federal court, thus

25 || "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

26 || It is the petitioner's burden to prove she has exhausted his state court remedies before

27 || filing her federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

28 || curiam). "A petitioner has satisfied the exhaustion requirement if: (1) [s]he has 'fairly

1    presented' [her] federal claim to the highest state court with jurisdiction to consider it [citations] .

2    . . or (2) [s]he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d

3    828, 829 (9th Cir. 1996). In California, a petitioner exhausts her federal claim by fairly

4    presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir.

5    1986).

6         To exhaust state remedies, the petitioner must refer to a specific federal constitutional

7    guarantee. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). At a minimum, the petitioner must

8    have "explicitly alerted the court that she was making a federal constitutional claim." *Galvan v.*

9    *Alaska Dept. of Corr.*, 397 F.3d 1198, 1205 (9th Cir. 2005); *accord Shumway v. Payne*, 223 F.3d

10   982, 998 (9th Cir. 2002) (finding that a claim is not fairly presented to the state court unless the

11   petitioner specifically indicated to that court that she was asserting a claim under the United

12   States Constitution). The petitioner may make the federal basis of the claim explicit either by

13   citing federal law or the decisions of federal courts. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th

14   Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere fact that the state supreme court

15   was aware of the underlying facts that may have given rise to a federal constitutional claim is

16   insufficient to exhaust a federal claim. *Shumway*, 223 F.3d at 988.

17        Here, Tripp did not exhaust the available state court remedies before seeking federal

18   habeas relief for all of her federal claims. First, in her California Supreme Court petition, Tripp

19   appears to raise the same claims as in her federal petition. (*Compare* Pet., Table of Contents,

20   *with* Ex. 1, Table of Contents.) Tripp failed, however, to designate her claims in her California

21   Supreme Court petition as federal claims. That is, nowhere in her California Supreme Court

22   petition does she use the word "federal" (*see* Ex. 1), nor does she cite to the United States

23   Constitution (Ex. 1, Table of Authorities). Only for her claims regarding her plea agreement, the

24   lack of a nexus, and continued reliance on her crime does Tripp even cite to federal case law.

25   (Pet. 16, 18, 29-30, 32-40.) Thus, Tripp's claims that the Governor's decision was based on

26   incorrect facts and was unsupported by the evidence were not fairly presented to the California

27   Supreme Court as federal claims and are not exhausted. *Hiivala v. Wood*, 195 F.3d 1098, 1106-

28   07 (finding that petitioner's claim of insufficient evidence was not exhausted because the

1   petitioner did not refer to the Due Process Clause of the United States Constitution and cited

2   neither the Fourteenth Amendment nor any federal case law involving the legal standard for a

3   federal Constitutional violation predicated thereon).

4        In addition, because Tripp did not present her nexus claim to the California appellate

5   court, this claim is unexhausted.  If the petition in the state's highest court is one for discretionary

6   review, the petitioner must have exhausted all of her federal claims at each lower level of the

7   state courts.  *Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004).  Because Tripp's petition in

8   the California Supreme Court was a petition for review and thus, one for discretionary review,

9   Tripp must also have presented all of her federal claims in the appellate court.  *See* Cal. Ct. R.

10  8.500(b) (delineating when the California Supreme Court may order review of an appellate court

11  decision).  In her California appellate court petition, Tripp did not raise her claim that the

12  Governor failed to allege a nexus between her crime and her parole risk.  (*Compare* Ex. 1, Table

13  of Contents, *with* Ex. 2, Table of Contents.)  By not presenting this claim to all of the state

14  courts, this claim is unexhausted.  *Casey*, 386 F.3d at 916-18.

15       Finally, Tripp is not precluded from exhausting her state court remedies because the

16  California Supreme Court has original jurisdiction to review petitions for writs of habeas corpus.

17  Cal. Const. art. VI, § 10.  Thus, Tripp can still file a habeas petition in the California Supreme

18  Court alleging the unexhausted claim.  Accordingly, Tripp has not "reach[ed] the point where he

19  has no state remedies available to [her]," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir.

20  2003), and the petition must be dismissed.  28 U.S.C. § 2254(c) (providing that a petitioner has

21  not exhausted the available state court remedies "if [s]he has the right under the law of the State

22  to raise, by any available procedure, the question presented").

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1
## CONCLUSION

2        Tripp did not present all of her claims to all of the state courts. Therefore, this Petition

3    must be dismissed because it contains exhausted and unexhausted claims.

4        Dated: March 12, 2008

5                                        Respectfully submitted,

6                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

7                                        DANE R. GILLETTE
                                         Chief Assistant Attorney General
8
                                         JULIE L. GARLAND
9                                        Senior Assistant Attorney General

10                                       ANYA M. BINSACCA
                                         Supervising Deputy Attorney General

11

12

13                                       DENISE A. YATES
                                         Deputy Attorney General
14
                                         Attorneys for Respondent Dawn Davison, Warden at the
15                                       California Institution for Women

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **In re BRANDEE TRIPP**

No.:    **07-05748 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 13, 2008**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Adrian T. Woodward, Esq.**
**Law Offices of Adrian T. Woodward**
**States Bar No. 184011**
**4266 Atlantic Avenue**
**Long Beach, CA 90807**
attorney for Brandee Tripp

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 13, 2008**, at San Francisco, California.

| J. Palomino | | _A. Palomino_ |
|---|---|---|
| Declarant | | Signature |

40228683.wpd