ADRIAN T. WOODWARD, Esq.
Law Offices of Adrian T. Woodward
State Bar # 184011
4266 Atlantic Avenue
Long Beach, CA 90807
Telephone: (562) 498-9666

Counsel for Petitioner
BRANDEE TRIPP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEE TRIPP,<br><br>                Petitioner,<br>v.<br><br>DAWN DAVISON, Warden,<br><br>                Respondent. | No. **07-05748 CW**<br><br>**PETITIONER'S OPPOSITION TO MOTION TO DISMISS** |

To THE HONORABLE Claudia Wilken, United States District Judge:

On the grounds and authorities set forth below, counsel for Petitioner Brandee Tripp respectfully OPPOSES the Governor's motion to dismiss the habeas corpus petition.

The Governor avers that Petitioner failed to exhaust state court remedies because (1) she did not use the word "federal" or cite the Constitution in the state courts, (2) her due process claim that the Governor's decision flunks the some evidence test and was based on incorrect facts was not fairly presented to the state courts, and (3) her due process claim that the Governor failed to suggest a nexus between the immutable facts of her commitment offenses and

TRIPP v. DAVISON; Opposition to Motion to Dismiss – Page 1

1 and argued that that the Governor's decision flunked the some evidence test
2 prescribed by the Supreme Court in *Superintendent v. Hill* (1985) 472 U.S. 445
3 (1985). Petitioner cited these Supreme Court cases and a plethora of Ninth
4 Circuit cases to support her due process claims, all of which are based on the
5 Federal Constitution. *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910; *Irons v.*
6 *Carey* (9th Cir. 2007) 479 F.3d 658; *McQuillion v. Duncan* (9th Cir. 2002) 306
7 F.3d 895; *Sass v. Cal. Board Of Prison Terms* (9th Cir. 2006) 461 F.3d 1123.
8 See Respondent's exhibit 1, pp. 25, 29, 32-40.

9 Whether Ms. Tripp employed the word "federal" is irrelevant because
10 her argument consistently invoked the protection of due process and her
11 federally protected liberty interest prescribed by the Supreme Court based on
12 the Due Process Clause of the Federal Constitution. She fully raised every
13 claim in the petition at bench in her petition to the California Supreme Court,
14 the State's highest Court, in nearly verbatim language and based each claim on
15 abundant federal authorities. It cannot be tenably argued that her claims raised
16 in the California Supreme Court were not presented in constitutional terms.

17 To satisfy the exhaustion requirement of § 2254, a state habeas petitioner
18 must have fairly presented the substance of her federal claim to the state courts.
19 *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) ["*Picard*"]. The purpose of
20 this "fair presentation" requirement is to "provide the state courts with a 'fair
21 opportunity' to apply controlling legal principles to the facts bearing upon his
22 constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (quoting
23 *Picard,* 404 U.S. at 276-77), i.e., to give the State the opportunity to pass upon
24 and to correct alleged violations of its prisoners' federal rights.'" *Lyons v.*
25 *Crawford,* 232 F.3d 666, 668 (9th Cir. 2000), *as amended,* 247 F.3d 904 (9th
26 Cir. 2001) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995)).
27
28

For purposes of exhausting state remedies, a claim for relief in a federal habeas court "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Picard*, 404 U.S. at 277-278 (1971); see *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Brodsky v. Kane*, 2007 WL 120829 (N.D. Cal. 2007). It is sufficient if the petitioner has presented the state courts with the "operative facts and legal theory upon which his claim is based." *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986).

Based on the foregoing Supreme Court and Ninth Circuit authorities, because (1) the Governor does not allege that Ms. Tripp failed to present the California Supreme Court with the "operative facts" supporting any of her constitutional claims, (2) she indisputably based each such claim upon "a specific constitutional guarantee," e.g., due process and her federally protected liberty interest in parole, and fully set forth the "legal theory" upon which each of her claims was based, and (3) she presented her claims to this Court in the same, almost verbatim language asserted in the California Supreme Court petition, the exhaustion requirement has been met for each claim.

Accordingly, Petitioner respectfully suggests that the Governor's motion to dismiss the Petition be DENIED.

Dated March 20, 2008

Respectfully submitted,

Adrian T. Woodward
Counsel for Petitioner
Brandee Tripp

# DECLARATION OF SERVICE BY MAIL

Case : **Tripp v. Davison, No. 07-05748 CW**

I declare that I am a citizen of the United States. I am over the age of 18 and am not a party to the within title cause.

On  March 20, 2008 , I served the attached

**Petitioner's Opposition to Motion to Dismiss**

on the parties listed below by enclosing same in an envelope to which adequate postage was affixed, and depositing same at the United States Post Office in Walnut, California for mailing.

> Attorney General
> 455 Golden Gate Avenue
> San Francisco, California 94102

I declare, under penalty of perjury, that the facts I have stated above are true and correct.

Dated  March 20, 2008 , at Walnut, California

_Joseph Watso_
Declarant

TRIPP v. DAVISON; Opposition to Motion to Dismiss