EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5531
  Fax: (415) 703-5843
  Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent Dawn Davison, Warden at
the California Institution for Women
SF2008400541

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDEE TRIPP,<br><br>                Petitioner,<br><br>v.<br><br>DAWN DAVISON, Warden,<br><br>                Respondent. | No. C 07-05748 CW<br><br>**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS** |

     Respondent moves this Court to dismiss the Petition for Writ of Habeas Corpus on the ground that Tripp did not exhaust her state court remedies for all of her claims. Tripp's contentions in opposition are without merit, and Respondent's Motion should be granted.

     In her California Supreme Court petition, Tripp failed to designate her claims as federal claims because nowhere in her California Supreme Court petition does she use the word "federal" (*see* Motion to Dismiss, Ex. 1), nor does she cite to the United States Constitution (Motion to Dismiss, Ex. 1, Table of Authorities). Only for her claims regarding her plea agreement, the lack of a nexus, and continued reliance on her crime does Tripp even cite to

federal case law. (Pet. 16, 18, 29-30, 32-40.) Thus, Tripp's claims that the Governor's decision was based on incorrect facts and was unsupported by the evidence were not fairly presented to the California Supreme Court as federal claims and are not exhausted. *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (finding that petitioner's claim of insufficient evidence was not exhausted because the petitioner did not refer to the Due Process Clause of the United States Constitution and cited neither the Fourteenth Amendment nor any federal case law involving the legal standard for a federal Constitutional violation predicated thereon).

Tripp's contention that she "based each claim on abundant federal authorities" is inconsistent with the record, as stated above. Similarly, Tripp's contention that she indisputably based her claims on "due process" is inapposite if she did not cite to the federal Constitution, a federal case, or describe each of her claims as "federal" due process claims. *Hiivala*, 195 F.3d at 1106-07; *Shumway v. Payne*, 223 F.3d 982, 998 (9th Cir. 2002). Further, Tripp did not deny that she failed to present to the California appellate court her claim that the Governor failed to allege a nexus between her crime and her parole risk. Nor did she present a counter argument regarding why this claim is therefore unexhausted. *Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004). Thus, for the reasons stated herein and in Respondent's Motion, this Court should dismiss the Petition.

Dated: April 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General
Attorneys for Respondent Dawn Davison, Warden at the California Institution for Women

---

Resp't's Reply to Pet'r's Opp'n to Mot. to Dismiss

*Tripp v. Davison*
No. C 07-05748 CW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **In re BRANDEE TRIPP**

No.:    **07-05748 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 3, 2008**, I served the attached

**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Adrian T. Woodward, Esq.**
**Law Offices of Adrian T. Woodward**
**States Bar No. 184011**
**4266 Atlantic Avenue**
**Long Beach, CA 90807**
attorney for Brandee Tripp

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 3, 2008**, at San Francisco, California.

J. Palomino
Declarant

Signature

40236642.wpd