IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRANDEE TRIPP,

    Petitioner,

  v.

DAWN DAVISON,

    Respondent.
_____/

No. C 07-05748 CW

ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE

On November 13, 2007, Petitioner Brandee Tripp, a prisoner incarcerated at the California Institution for Women, through counsel, filed a petition for a writ of habeas corpus, alleging that the Governor violated her federally protected liberty interest when he reversed her grant of parole. Respondent Dawn Davison moves to dismiss the petition based on lack of exhaustion because Petitioner failed to designate any of the claims in her California Supreme Court petition as federal claims and because Petitioner did not present one of her claims to the California appellate court. Petitioner has filed an opposition.

Having considered all the papers filed by the parties, the Court DENIES the motion to dismiss and sets a briefing schedule on Petitioner's petition.

## PROCEDURAL HISTORY

On February 11, 1981, pursuant to a guilty plea to second degree murder, Petitioner was sentenced to fifteen years to life for the July 3, 1979 murder of ten-year-old Tameron Carpenter. At

the time, Petitioner was twenty years old.  At twelve hearings between 1986 and 2001, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole.  On November 6, 2002, at her thirteenth parole hearing, the Board found Petitioner suitable for parole.  On April 4, 2003, former Governor Gray Davis reversed the Board's grant of parole.  On May 17, 2004, at her fourteenth parole hearing, the Board again found Petitioner suitable for parole.  On October 11, 2004, Governor Arnold Schwarzenegger reversed the Board's grant of parole.

Petitioner filed petitions challenging Governor Schwarzenegger's decision in the Monterey County superior court and the California court of appeal.  On March 28, 2007, the court of appeal issued a reasoned opinion affirming the Governor's decision.  See In re Tripp, 150 Cal. App. 4th 306 (2007).  On August 15, 2007, the California Supreme Court denied Petitioner's petition for review without comment.

## LEGAL STANDARD

Prisoners in state custody who wish to challenge their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  A district court may not grant the writ unless state court remedies are exhausted or there are

2

exceptional circumstances.  28 U.S.C. § 2254(b)(1); <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances").  The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed.  <u>Id.</u>; <u>Brown v. Maass</u>, 11 F.3d 914, 915 (9th Cir. 1993).

The exhaustion-of-state-remedies requirement is not jurisdictional, but is rather a matter of comity.  <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  The doctrine gives the State "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion requirement is satisfied only if (1) the federal claim has been "fairly presented" to the state courts, <u>id.</u>; <u>Crotts v. Smith</u>, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available.  <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).

To exhaust a claim, it is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  <u>Picard</u>, 404 U.S. at 277.  The state court must be alerted to the fact that the prisoner is asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995).  A claim is "fairly presented" only if the petitioner either referred to specific provisions of the federal constitution or federal statutes, or cited federal or state case law analyzing the federal issue.  <u>Peterson v. Lampert</u>, 319 F.3d

3

1153, 1158 (9th Cir. 2003)(en banc). The fair-presentation requirement is not satisfied by the mere circumstance that the "due process ramifications" of an argument may be self-evident. Anderson v. Harless, 459 U.S. 4, 7 (1982). A general appeal to a constitutional guarantee as broad as due process is not enough to present the substance of such a claim to a state court. Gray v. Netherland, 518 U.S. 152, 163 (1996); Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999).

## DISCUSSION

In her federal petition, Petitioner alleges the following four claims: (1) the Governor's action violated due process because it was based on incorrect "facts" and breached Petitioner's plea agreement; (2) the Governor's reversal of Petitioner's parole grant based on the finding that her parole poses an unreasonable risk of danger to society is supported by no evidence; (3) the Governor's decision violated due process because it established no nexus between the immutable facts on which it was based and Petitioner's current parole risk; and (4) interminable denial of Petitioner's parole based on the facts of her unchangeable commitment offense violates due process by amending her prison term to life without possibility of parole. Petitioner's petition to the California Supreme Court contained the same four claims. Petitioner's petition to the California court of appeal contained three of these claims, but did not include the third claim regarding lack of a nexus between the Governor's factual findings and Petitioner's current parole risk.

A review of Petitioner's petition to the California Supreme

4

1 Court reveals that it is replete with references to both state and
2 federal cases that cite United States Supreme Court authority for
3 the proposition that due process rights conferred by the federal
4 constitution require that some evidence support the Governor's
5 finding that Petitioner posed an unreasonable threat to society.
6 Because all of Petitioner's claims, including the lack of a nexus
7 claim, are aspects of this one claim, all the of the claims have
8 been fairly presented to the California Supreme Court and have been
9 properly exhausted.

10     The Court sets the following briefing schedule on Petitioner's
11 petition for writ of habeas corpus.  Within thirty days from the
12 date of this order, Respondent shall file with this Court and serve
13 upon Petitioner and Petitioner's counsel an answer conforming in
14 all respects to Rule 5 of the Rules Governing Section 2254 Cases,
15 28 U.S.C. foll. § 2254, showing cause why a writ of habeas corpus
16 shall not be issued.  Respondent shall file with the answer a copy
17 of all portions of the state record that have been previously
18 transcribed and that are relevant to a determination of the issues
19 presented by the petition.

20     If Petitioner wishes to respond to the answer, she shall do so
21 by filing a traverse with the Court and serving it upon Respondent
22 within thirty days of her receipt of the answer.

24     IT IS SO ORDERED.

26 Dated: 5/9/08

    CLAUDIA WILKEN
    United States District Judge

5