1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8    Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Dawn Davison, Warden at
9  the California Institution for Women
   SF2008400541

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDEE TRIPP,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>DAWN DAVISON, Warden,<br><br>　　　　　　　Respondent. | No. C 07-05748 CW |

**RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE;
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.　　　　　　*Tripp v. Davison*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. C 07-05748 CW

**TABLE OF CONTENTS**

| | Page |
|---|---|
| ANSWER | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 6 |
| ARGUMENT | 6 |
|     A. Tripp Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law. | 6 |
|     B. Tripp Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law. | 8 |
|     C. Tripp Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts. | 9 |
| CONCLUSION | 10 |

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.

*Tripp v. Davison*
No. C 07-05748 CW

i

1

# TABLE OF AUTHORITIES

2                                                                                                          **Page**

3  **Cases**

4  *Baja v. Ducharme*
   187 F.3d 1075 (9th Cir. 1999) ......................................................................... 5

*Benny v. U.S. Parole Comm'n*
295 F.3d 977 (9th Cir. 2002) ............................................................................ 5

*Biggs v. Terhune*
334 F.3d 910 (9th Cir. 2003) ........................................................................ 7, 8

*Carey v. Musladin*
549 U.S. 70, 127 S. Ct. 649 .............................................................................. 6

*Crater v. Galaza*
491 F.3d 1119 (9th Cir. 2007) .......................................................................... 7

*Duhaime v. Ducharme*
200 F.3d 597 (9th Cir. 2000) ............................................................................ 8

*Earp v. Ornoski*
431 F.3d 1158 (9th Cir. 2005) .......................................................................... 8

*Foote v. Del Papa*
492 F.3d 1026 (9th Cir. 2007) .......................................................................... 7

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979) ......................................................................................... 3-8

*In re Dannenberg*
34 Cal. 4th 1061 (2005) .................................................................................... 4

*In re Rosenkrantz*
29 Cal. 4th 616 (2002) ...................................................................................... 8

*In re Tripp*
150 Cal. App. 4th 306 (2007) ................................................................. 2, 9, 10

*Irons v. Carey*
505 F.3d 846 (9th Cir. 2007) ............................................................................ 7

*Jones v. Gomez*
66 F.3d 199 (9th Cir. 1995) .............................................................................. 5

*Lockyer v. Andrade*
538 U.S. 63 (2003) ...................................................................................... 6, 8

*Nguyen v. Garcia*
477 F.3d 716 (9th Cir. 2007) ............................................................................ 7

TABLE OF AUTHORITIES (continued)

| | Page |
|---|---|
| Sandin v. Connor<br>515 U.S. 472 (1995) | 3, 4, 7 |
| Santobello v. New York<br>404 U.S. 257 (1971) | 5 |
| Sass v. California Board of Prison Terms<br>461 F.3d 1123 (9th Cir. 2006) | 4, 7 |
| Schriro v. Landrigan<br>___U.S.___, 127 S. Ct. 1933 (2007) | 7 |
| Superintendent v. Hill<br>472 U.S. 445 (1985) | 7-10 |
| Wilkinson v. Austin<br>545 U.S. 209 (2005) | 4, 7 |
| Williams v. Taylor<br>529 U.S. 362 (2000) | 6, 8 |
| Wright v. Van Patten<br>___U.S.___ 128 S. Ct. 743 (2008) | 7 |
| Ylst v. Nunnemaker<br>501 U.S. 797 (1991) | 9 |

**Statutes**

| | |
|---|---|
| United States Code, Title 28 | |
| § 2244(d)(1) | 3 |
| § 2254 | 3 |
| § 2254(d) | 8 |
| § 2254(d)(1) | 7 |
| § 2254(d)(2) | 9 |
| § 2254(d)(1-2) (2000) | 6 |
| § 2254(e)(1) | 9 |

**Other Authorities**

| | |
|---|---|
| Antiterrorism Effective Death Penalty Act of 1996 (AEDPA) | 6-8 |

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.

Tripp v. Davison
No. C 07-05748 CW

iii

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5531
    Fax: (415) 703-5843
8   Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Dawn Davison, Warden at
9  the California Institution for Women
   SF2008400541

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDEE TRIPP,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>DAWN DAVISON, Warden,<br><br>　　　　　　Respondent. | No. C 07-05748 CW<br><br>**RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

**ANSWER**

As an Answer to the Petition for Writ of Habeas Corpus filed by inmate BranDee Tripp, Respondent, Dawn Davison, Warden at the California Institution for Women, admits, alleges, and denies that:

　　1.　　BranDeeTripp (W-15695) is in the lawful custody of the California Department of Corrections and Rehabilitation following her February 11, 1981 conviction of second-degree murder. (Pet., Ex. A.) Tripp is serving a sentence of fifteen years to life in prison. (Pet., Ex. B at 1.) In this Petition, Tripp alleges that the Governor violated her federally protected liberty

1  interest in parole when he denied her parole because the Governor's decision was based on
2  incorrect facts, breached her plea agreement, was unsupported by the evidence, did not establish
3  a nexus between the facts and her parole risk, and turned her sentence into life without the
4  possibility of parole by continuing to rely on her crime. (Pet., Table of Contents & 9.)

5      2.    In 2007, Tripp filed a petition for writ of habeas corpus in Monterey County
6  Superior Court, alleging that Governor Arnold Schwarzenegger's October 11, 2004 decision
7  denying her parole violated various due process rights and the Ex Post Facto Clause. (Ex. 1,
8  Super. Ct. Pet. at 8-25; *see also* Ex. 2, Resp't's Informal Resp.; Ex. 3, Tripp's Informal Reply;
9  Ex. 4, Super. Ct. Order.) The superior court denied the petition, finding:

> California courts have consistently held that the Governor may deny parole based solely on the nature of the commitment offense, so long as he identifies specific elements of the commitment offense showing the inmate would pose an unacceptable risk to the public. *See, e.g., In re Dannenberg* (2005) 34 Cal.4th 1061, 1084. The Governor's October 11, 2004 decision, which contains a thorough description of Petitioner's commitment offense, clearly meets this standard.

14  (Ex. 4 at 2.)

15      3.    Tripp next generally raised most of the same claims in a petition for writ of habeas
16  corpus to the California Court of Appeal. (Ex. 5, Ct. App. Pet.; *see also* Ex. 6, Resp't's Informal
17  Resp.; Ex. 7, Tripp's Informal Reply; Ex. 8, Resp't's Return; Ex. 9, Tripp's Denial; Ex. 10,
18  Tripp's Notice of Newly Published Relevant Case.) The Sixth District Court of Appeal issued a
19  reasoned decision denying Tripp's petition. (Ex. 11, *In re Tripp*, 150 Cal. App. 4th 306 (2007).)
20  The appellate court found that after reviewing the administrative record under a deferential
21  standard, the commitment offense was some evidence supporting the Governor's decision that
22  Tripp was not suitable for parole. (Ex. 11, *Tripp*, 150 Cal. App. 4th at 312, 318.) The appellate
23  court rejected Tripp's contention that the Governor could not continue to rely on the commitment
24  offense after so many years, finding that the Governor provided Tripp individual consideration;
25  Tripp merely disagreed with how the Governor weighed the relevant factors; and on the existing
26  record, due process did not require the Governor to strike a different balance. (Ex. 11, *Tripp*, 150
27  Cal. App. 4th at 320.)

28      4.    Tripp then filed a petition for review in the California Supreme Court generally

1 alleging most of the same claims. (Ex. 12, Sup. Ct. Pet.) The petition was summarily denied.
2 (Ex. 13, Sup. Ct. Order.)

3     5.    Respondent denies that Tripp exhausted her state court remedies regarding her
4 claims that the Governor's decision violated her due process rights because it was based on
5 incorrect facts and was unsupported by the evidence. These claims are unexhausted because they
6 were not fairly presented to the California Supreme Court as federal claims. Similarly,
7 Respondent denies that Tripp exhausted her state court remedies regarding her claim that her due
8 process rights were violated when the Governor failed to allege a nexus between her crime and
9 her parole risk. This claim is unexhausted because Tripp did not assert it in her appellate court
10 petition. Respondent acknowledges that this Court denied Respondent's Motion to Dismiss on
11 these grounds, but preserves these arguments. Respondent admits that Tripp exhausted her state
12 court remedies regarding her claims that her due process rights were violated because the
13 Governor's decision breached her plea agreement and was based on her crime. Respondent
14 denies that Tripp has exhausted her claims to the extent they are interpreted more broadly to
15 encompass any systematic issues beyond these claims.

16     6.    Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).
17 Respondent admits that the Petition is not subject to any other procedural bar.

18     7.    Respondent denies that Tripp is entitled to federal habeas relief under 28 U.S.C. §
19 2254 because the state court decisions were not contrary to, or an unreasonable application of,
20 clearly established federal law as determined by the United States Supreme Court, or based on an
21 unreasonable determination of the facts.

22     8.    Respondent denies that Tripp has a federally protected liberty interest in parole
23 and, therefore, alleges that she has not stated a federal question invoking this Court's jurisdiction.
24 The Supreme Court has not clarified the methodology for determining whether a state has created
25 a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr.*
26 *Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by
27 unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484
28 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical

1 or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,
2 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).
3 California's parole statute does not contain mandatory language giving rise to a protected liberty
4 interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re*
5 *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process
6 that does not impose a mandatory duty to grant life inmates parole before a suitability finding).
7 And continued confinement under an indeterminate life sentence does not impose an "atypical or
8 significant hardship" under *Sandin* because a parole denial does not alter an inmate's sentence,
9 impose a new condition of confinement, or otherwise restrict her liberty while she serves her
10 sentence. Thus, Respondent asserts that Tripp does not have a federal liberty interest in parole
11 under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*
12 *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006), the Ninth Circuit held that California's
13 parole statute creates a federal liberty interest in parole under the mandatory-language analysis of
14 *Greenholtz*, but preserves the argument.

15    9.    Even if Tripp has a federal liberty interest in parole, she received all due process
16 to which she is entitled under clearly established federal law because she was provided with an
17 opportunity to be heard and a statement of reasons for the Governor's decision. *Greenholtz*, 442
18 U.S. at 16. Respondent denies that because the Board found Tripp suitable for parole, Tripp has
19 a "heightened" liberty interest in parole.

20    10.    Respondent denies that the some-evidence test is clearly established federal law in
21 the parole context.

22    11.    Respondent denies that the Governor's 2004 decision violated Tripp's federal due
23 process rights. Respondent denies that clearly established federal law: prohibits the Governor
24 from continuing to rely on Tripp's commitment offense when denying her parole; requires the
25 Governor to establish a nexus between the factors he relied on when denying parole and Tripp's
26 current dangerousness; requires that the Governor's findings are supported by the preponderance
27 of the evidence; prohibits the Governor from relying on the crime alone to deny parole unless the
28 crime reflects more than the minimum elements necessary to establish that conviction; prohibits

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.        *Tripp v. Davison*
                                                                          No. C 07-05748 CW

1  the Governor from relying on the crime to deny Tripp parole because she has served more than
2  the terms suggested for first-degree murder in the Board's sentencing matrixes.

3      12.    Respondent denies that Tripp was required to be paroled. *Greenholtz*, 442 U.S. at
4  10 ("[T]here is no set of facts which, if shown, mandate a decision favorable to the individual.").

5      13.    Respondent denies that Tripp's plea bargain was violated under the Due Process
6  and Contracts Clauses when the Governor characterized Tripp's crime as involving elements of
7  first-degree murder. In addition, Respondent submits that Tripp has not met her burden of
8  alleging specific, supported facts establishing a basis for federal habeas relief based on the terms
9  of her plea agreement. *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (finding that the
10 petitioner's claim was conclusory and did not meet habeas's specificity requirement because his
11 argument did not reference the record or any document). Tripp has neither referenced nor
12 provided a copy of any document delineating the promises made to her at the time she pled
13 guilty. Consequently, Tripp has not established that Supreme Court law prohibits the Governor
14 when determining her parole suitability from characterizing her offense as greater than the one
15 she pled to. *Santobello v. New* York, 404 U.S. 257, 261-62 (1971) (noting that when a plea rests
16 on the prosecutor's promise or agreement that was part of the inducement or consideration, the
17 prosecutor's promise must be fulfilled).

18     14.    Respondent submits that an evidentiary hearing is not necessary because the
19 claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075,
20 1078 (9th Cir. 1999).

21     15.    Respondent denies that Petitioner is entitled to release and to the elimination of
22 her statutorily mandated parole term. The remedy for a due process violation is limited to the
23 process that is due, which is a new review by the Governor comporting with due process. *See*
24 *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole
25 is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate
26 to a favorable parole decision).

27     16.    Tripp fails to state or establish any grounds for habeas corpus relief.

28     17.    Except as expressly admitted in this Answer, Respondent denies the allegations of

the Petition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Tripp claims that the Governor's 2004 decision finding her unsuitable for parole violated her due process rights. But Tripp merely alleges a disagreement with the Governor's decision, and she fails to establish that the state court decisions denying her due process claims were contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief. In addition, Tripp's plea agreement claim is without merit. Accordingly, this Court should deny the Petition.

**ARGUMENT**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state courts' adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Tripp has not demonstrated that she is entitled to relief under this standard.

**A.    Tripp Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.**

As a threshold matter, this Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, this Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. There, the Supreme Court held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The

1  Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a
2  parole hearing.

3  Tripp does not contest that she received the *Greenholtz* protections. (*See generally* Pet.)
4  Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding
5  an inmate's due process rights during parole proceedings, the state court decisions upholding the
6  Governor's decision were not contrary to clearly established federal law. Thus, the Petition
7  should be denied.

8  Although Tripp alleges that the Governor's decision must be supported by some
9  evidence, there is no clearly established federal law applying this standard to parole decisions.
10  The Supreme Court has held that under AEDPA, a test announced in one context is not clearly
11  established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128
12  S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*,
13  127 S. Ct. at 652-54; *see also Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Crater v.*
14  *Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir.
15  2007). The Supreme Court developed the some-evidence standard in the context of a prison
16  disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally
17  different context than a parole proceeding. Because the tests and standards developed by the
18  Supreme Court in one context cannot be transferred to distinguishable factual circumstances for
19  AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to
20  parole decisions.

21  Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is
22  improper under AEDPA. *See, e.g., Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007); *Sass*, 461
23  F.3d at 1128; *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003). Moreover, AEDPA does not
24  permit relief based on circuit case law. *Crater*, 491 F.3d at 1126 (finding that § 2254(d)(1)

---

26  1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz*'s methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.                     *Tripp v. Davison*
                                                                                        No. C 07-05748 CW

7

1. renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d
2. 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what
3. constitutes clearly established law.") (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th
4. Cir. 2000) ("Ninth Circuit precedent derived from an extension of a Supreme Court decision is
5. not 'clearly established federal law as determined by the Supreme Court.'")). Therefore, the
6. Ninth Circuit's use of the some-evidence standard is not clearly established federal law and is not
7. binding on this Court.
8.     Similarly, Tripp's claim that the Governor's reliance on the immutable factor of her
9. commitment offense violates due process finds no support in Supreme Court precedent.
10. Although the Ninth Circuit has suggested that continued reliance on the commitment offense
11. might amount to an additional due process claim, *Biggs*, 334 F.3d at 917, federal habeas relief is
12. not available because there is no clearly established federal law precluding reliance on
13. unchanging factors or holding that continued reliance on the crime is arbitrary. 28 U.S.C. §
14. 2254(d).
15.     In sum, the only clearly established federal law setting forth the process due in the parole
16. context is *Greenholtz*. Tripp does not allege that she failed to receive these protections.
17. Therefore, Tripp has not shown that the state court decisions denying habeas relief were contrary
18. to clearly established federal law, and habeas relief is not warranted.
19.     **B.    Tripp Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**
20.
21.     Habeas relief may only be granted based on AEDPA's unreasonable-application clause
22. where the state court identifies the correct governing legal rule from Supreme Court cases but
23. unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The
24. petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at
25. 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the
26. some-evidence standard as clearly established federal law, but even accepting that premise, Tripp
27. is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s
28. some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re*

1 | *Rosenkrantz*, 29 Cal. 4th 616 (2002), and Tripp has not shown that the state courts unreasonably
2 | applied the standard.
3 |       Looking through to the last reasoned state court decision, *Ylst v. Nunnemaker*, 501 U.S.
4 | 797, 804-06 (1991), the appellate court properly found that some evidence in the record
5 | supported the Governor's finding that Tripp admitted to helping plan the victim's kidnapping and
6 | murder, and that this evidence supported the Governor's conclusion that Tripp was unsuitable
7 | for parole. (Ex. 11, *Tripp*, 150 Cal. App. 4th at 318.) Specifically, the appellate court found that
8 | the Governor reasonably interpreted Tripp's "somewhat ambiguous and unclear statements at her
9 | parole hearing." (Ex. 11, *Tripp*, 150 Cal. App. 4th at 318.) And when the record reflects
10 | conflicting inferences and supports equally reasonable interpretations, the appellate court must
11 | defer to the Governor's conclusion. (Ex. 11, *Tripp*, 150 Cal. App. 4th at 318.)
12 |       The appellate court also properly concluded that the Governor properly relied on the
13 | commitment offense alone to deny parole because he provided Tripp with individual
14 | consideration and reviewed the relevant factors favoring her release on parole. (Ex. 11, *Tripp*,
15 | 150 Cal. App. 4th at 320.) Tripp has not shown that the appellate court unreasonably applied the
16 | some-evidence standard of *Superintendent v. Hill*, 472 U.S. 445, 454-57 (1985). Rather, as the
17 | appellate court noted, Tripp's "real disagreement is with the weight [the Governor] attached in
18 | 2004 to her 1979 behavior." (Ex. 11, *Tripp*, 150 Cal. App. 4th at 320.) But the court reweighing
19 | the evidence to determine Tripp's suitability has no basis in federal law. *Hill*, 472 U.S. at 455.

      **C.**    **Tripp Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.**

22 |       Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions
23 | were based on an unreasonable determination of the facts in light of the evidence presented in the
24 | state court. The state court's factual determinations are presumed to be correct, and the petitioner
25 | has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §
26 | 2254(e)(1).
27 |       Although Tripp alleges that the Governor's decision relies on the incorrect fact that she
28 | helped plan the victim's murder, Tripp neither alleges nor establishes by clear and convincing

1 evidence that the appellate court's factual determinations are incorrect. The appellate court
2 found that Tripp's statements at her 2004 parole hearing were "reasonably susceptible to the
3 Governor's interpretation" that Tripp helped plan the victim's kidnap and murder. (Ex. 11,
4 *Tripp*, 150 Cal. App. 4th at 316-17.) As the appellate court noted, Tripp did not cite any factor
5 the Governor overlooked and instead, merely disagreed with the weight the Governor assigned to
6 the evidence. (Ex. 11, *Tripp*, 150 Cal. App. 4th at 320.) But this disagreement does not entitle
7 Tripp to federal habeas relief. *Hill*, 472 U.S. at 455.

## CONCLUSION

Tripp has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: June 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent D. Davison, Warden at the California Institution for Women

---

Resp't's Answer to Order to Show Cause; Supporting Mem. of P. & A.

*Tripp v. Davison*
No. C 07-05748 CW

10

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   In re BRANDEE TRIPP

No.:   07-05748 CW

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 23, 2008**, I served the attached

**RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Adrian T. Woodward, Esq.**
**Law Offices of Adrian T. Woodward**
**States Bar No. 184011**
**4266 Atlantic Avenue**
**Long Beach, CA 90807**
attorney for Brandee Tripp

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 23, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | *A. Palomino* |
| Declarant | Signature |

20118452.wpd