# EXHIBIT 4

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED
SEP 16 2005
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY
Sandra Hirai

In re:  ) Case No.: HC 05015
         )
Brandee Tripp (W-15659) ) ORDER
         )
On Habeas Corpus. )
         )

Petitioner challenges Governor Schwarzeneger's October 14, 2004, decision reversing the Board of Prison Terms' May 17, 2004, decision to grant Petitioner parole. Respondent has filed an Informal Response contending that the Governor's decision was based on a thorough review of Petitioner's commitment offense and must be upheld because there is "some evidence" to support the Governor's conclusion that Petitioner would pose an unacceptable risk to public safety were she to be paroled.

Petitioner's primary argument is that the Governor's decision to reverse the Board's recommendation is based solely on her commitment offense – a factor that will never change regardless of her efforts to better herself. She notes that this is the second time the Governor has reversed the Board's recommendation to grant her parole and contends that the Governor has effectively converted her sentence from "life with the possibility of parole" to "life without the possibility of parole."

Petitioner's argument is not without merit. California's statutory parole scheme clearly implies that inmates who have shown legitimate improvement during incarceration should be granted parole. Penal Code § 3041. It is also clear that Petitioner's plea was entered primarily to ensure that she would be sentenced to life with the *possibility* of parole, and reasonable

1

minds could certainly conclude there is no "possibility" Petitioner will be granted parole, given the Governor's repeated denial of parole based on factors that cannot be changed.

However, California courts have consistently held that the Governor may deny parole based solely on the nature of the commitment offense, so long as he identifies specific elements of the commitment offense showing the inmate would pose an unacceptable risk to the public. *See, e.g., In re Dannenberg* (2005) 34 Cal.4th 1061, 1084. The Governor's October 11, 2004, decision, which contains a thorough description of Petitioner's commitment offense, clearly meets this standard. Accordingly, the Court must uphold the Governor's decision, and the Petition is DENIED.

IT IS SO ODERED.

Dated: ~~August~~ SEPTEMBER 16, 2005

Hon. Marla O. Anderson

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on SEP 23 2005 I deposited true and correct copies of the following document: ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses as hereinafter set forth:

Adrian T. Woodward, Esq.
Law Offices of Adrian T. Woodward
4000 Long Beach Blvd.
Long Beach, CA 90807

Brandee Tripp (W-15659)
California Institute for Women
P.O. Box 6000
Corona, CA 92878

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Department

Dated: SEP 23 2005

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy   Sandra Hiral