ADRIAN T. WOODWARD, Esq.
Law Offices of Adrian T. Woodward
State Bar # 184011
4266 Atlantic Avenue
Long Beach, CA 90807
Telephone: (562) 498-9666

Counsel for Petitioner
BRANDEE TRIPP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRANDEE TRIPP,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DAWN DAVISON, Warden,<br><br>　　　　Respondent. | No. **07-05748 CW**<br><br>**PETITIONER'S TRAVERSE** |

To THE HONORABLE Claudia Wilken, United States District Judge: Counsel for Petitioner Brandee Tripp respectfully lodges this Traverse in response to the Answer filed by Respondent Board of Parole Hearings (BPH) on June 23, 2008.

**ADMISSIONS AND DENIALS**

Petitioner ADMITS Respondent's allegations in the Answer stating the offense of which she was convicted, the place of her confinement, the name of her custodian, and the dates and results of her parole determinations by BPH; Petitioner DENIES all other facts, claims, grounds, and argument set forth in the Answer.

TRIPP v. DAVISON; Petitioner's Traverse – Page 1

## PRELIMINARY REQUIREMENTS; EXHAUSTION

Respondent has stipulated in the Answer (pp. 2-3) that Petitioner has met procedural habeas corpus requirements (custody, timeliness, exhaustion of state court remedies, jurisdiction, venue), *with two* exceptions claiming non-exhaustion of state court remedies, which the Court rejected in its May 9, 2008, order denying Respondent's motion to dismiss the petition on that basis.

## OVERVIEW; SUMMARY OF PETITIONER'S CLAIM

At age 20 with no prior criminality, Brandee Tripp pled guilty to an unpremeditated second-degree murder that she did not commit, contemplate, or anticipate, to receive a prison term of 15 years-to-life, from which she became eligible for parole release *19 years ago*. Ms. Tripp has served nearly a decade in excess of the *maximum* prison term prescribed by the State's regulations for a *premeditated first*-degree murder with those facts of her offense and has maintained exemplary treatment, conduct, and reform for nearly *two decades*. The State's forensic experts, retained for the purpose, have determined for *a decade* that her parole poses a *low or nonexistent* public safety risk, satisfying the State's sole statutory parole prerequisite. Nevertheless, under the State's sordid politics, its Executive Branch, which offered Ms. Tripp the plea contract and specified as a material term that her offense was unpremeditated second-degree murder, having denied her parole application for the *fourteenth* time, will *never* allow her to parole, converting her prison term to life without the possibility of parole because, the Governor repeatedly says, irrespective of her forensically determined negligible public safety risk, she must remain forever imprisoned because her commitment offense was egregious. The process violates the Due Process Clause, which insured Ms. Tripp's statutory benefit of parole because she no longer poses an unreasonable public safety risk.

The some evidence standard of review requires the Governor's decision to be set aside because it is devoid of any evidence to support the Governor's mouthed words that Ms. Tripp's parole poses "an unreasonable risk of danger" to public safety, the State's codified standard below which a panel "shall" set a parole date. Pen.C. § 3041; 15 CCR §§ 2401, 2402(a). The omission was crucial considering Ms. Tripp's forensically determined negligible public safety risk.

The Governor's Answer and the state court decision are unavailing because they omit the claim by merely finding evidence in the record to support the existence of some immutable facts recited by the Governor rather than applying the some evidence standard to determine that the Governor cited no evidence suggesting that Ms. Tripp's parole currently posed an unreasonable public safety risk and that that Governor had not set forth a shred of evidence of how or why the offense facts he dutifully recited suggested have any bearing upon her negligible public safety risk determined by the State's forensic experts for over a decade, based on those same facts.

Because **the risk to public safety currently posed by an inmate's parole is the "overarching," if not the sole determinant of parole suitability** (*In re Dannenberg*, 34 Cal. 4th 1061, 1082 (2005); *In re Duarte*, 143 Cal.App.3d 943, 948 (1985)), if a BPH panel uses offense facts and other immutable factors to justify a finding of parole unsuitability, it must articulate some *nexus* to the State's codified standard by explaining **how** *such factors make the prospective parolee a* **current** *"unreasonable risk of danger" to public safety* if paroled; **otherwise such offense factors do not amount to "some evidence" that granting parole creates an "unreasonable risk of danger" to public safety**. See 15 CCR § 2281 et seq.; *In re Lee*, 143 Cal.App. 4th 1400, 1407-1412 (2006); see *In re Viray,* 161 Cal.App.4th 1405, 1414 (2008); *In re Singler*, 161

Cal.App.4th 281, 294-295 (2008); *In re Burdan*, 161 Cal.App.4th 14, 31 (2008); *In re Elkins*, 144 Cal. App. 4th 475, 502 (2006) (emphasis added).

***Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release "unreasonably endangers public safety."*** See *In re Lee, supra*, 143 Cal.App. 4th at 1409; *In re Viray, supra*, 161 Cal.App.4th at 1414; *In re Singler, supra*, 161 Cal.App. 4th at 295; *In re Burdan, supra*, 161 Cal.App.4th at 28 (emphasis added).

***The relevant test is not whether some evidence supports the reasons cited for denying parole, "but whether some evidence indicates a parolee's release unreasonably endangers public safety.***" (*In re Lee, supra*, 143 Cal.App.4th at 1408; see *In re Viray, supra*, 161 Cal.App.4th at 1414; *In re Singler, supra*, 161 Cal.App.4th at 295; *In re Burdan, supra*, 161 Cal.App.4th at 28 (emphasis added).

If BPH's forensic psychologists, having considered the entire record including the commitment offense, determine, as here, that the subject's parole poses a *negligible* risk of danger to public safety, the Governor, who professes to no qualification by education or training to predict recidivism, in reciting that the subject's parole would pose an *unreasonable* risk of danger to public safety, must point to **evidence** demonstrating that to be true, i.e., evidence in the record showing that the factors he recites render the subject an unreasonable public safety risk despite his experts' contrary determinations. See *In re Roderick,* 154 Cal.App.4th 242, 272, fn. 27 (2007); *In re Smith,* 114 Cal.App.4th 343, 348-349 (2003) [such findings amount to "unsubstantiated speculation and as such [are] arbitrary and capricious"].

# THE GOVERNOR'S REBUTTAL LACKS MERIT

1. **_Due process due_**.  The Governor's notion that the only due process he was required to afford Ms. Tripp was a hearing and a written decision (Answer, pp. 6, 8) is absurd.  Aside from her additional rights secured by the State's parole statutes and regulations, protected by the Due Process Clause of the Fourteenth Amendment, e.g., the right to counsel, to an impartial panel, and to present evidence, the Supreme Court, Ninth Circuit, and California authorities cited in the Petition emphatically require decisions to be based on findings supported by at least some reliable evidence[1] *demonstrating that Ms. Tripp's parole currently poses an "unreasonable risk of danger" to public safety*, the State's codified parole suitability standard below which parole "shall" be granted.  Cal. Penal Code (Pen.C.) § 3041(a); 15 CCR §§ 2401, 2402(a).

2. **_Ms. Tripp's claims are sufficiently supported by Supreme Court authority_**.  First, the Ninth Circuit squarely rejects Respondent's notion that the lack of a Supreme Court decision addressing the explicit facts underlying habeas claims bars federal habeas relief:

> We have made clear that "the Supreme Court need not have addressed the identical factual circumstance at issue in a case in order for it to have created 'clearly established' law governing that case." *Van Tran v. Lindsey,* 212 F.3d 1143, 1154 (9th Cir. 2000). Rather, it is enough that the Supreme Court has prescribed a rule that plainly governs the petitioner's claim. In this case, the Court has done just that. We therefore hold that "clearly established Federal law, as determined by the Supreme

---

[1] In this brief Petitioner assumes, *ad arguendo*, despite Respondent's suggestion to the contrary, the some evidence standard of review will be applied by the Court.

TRIPP v. DAVISON; Petitioner's Traverse – Page 5

Court of the United States" provides that California prisoners like McQuillion have a cognizable liberty interest in release on parole.

*McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002) ("*McQuillion*").

More importantly, ample Supreme Court authority supports Ms. Tripp's claims. In *Greenholtz v. Inmates of Nebraska*, 442 U.S. 1 (1979) (*Greenholtz*), the Supreme Court held that a state prisoner may be constitutionally entitled to *more* than "an opportunity to be heard and be advised of the reasons she was not found suitable." The Court explained that state statutes and regulations impart to state prisoners liberty interests protected by due process when such provisions are couched in mandatory ("shall") terms and impose predicates.

The Board's notion aside, *Greenholtz* (a) fully supports Ms. Tripp's protected liberty interest in parole, and (b) is <u>not</u> the "only" Supreme Court authority on the issue. In *Board of Pardons v. Allen*, 482 U.S. 369 (1987), the Court held that a parole statute such as Pen.C. § 3041 mandates that parole "shall" be granted if a certain predicate – here, less than an unreasonable risk to public safety – exists, the state statute creates a liberty interest in the benefit of parole that is protected by the Due Process Clause:

> Here, as in *Greenholtz*, the release decision is "necessarily subjective ... and predictive," see 442 U.S., at 13, 99 S.Ct., at 2107; here, as in *Greenholtz* . . . the Board *shall* release the inmate when the findings prerequisite to release are made . . . we find in the Montana statute, as in the Nebraska statute, a liberty interest protected by the Due Process Clause.

*Board of Pardons v. Allen, supra*, 482 U.S. at 381.

Based on *Greenholtz*, the Ninth Circuit, like the California Supreme Court in *Rosenkrantz*, 29 Cal.4th at 661, determined that the mandate and predicates set forth in California's parole determination statute, Pen.C. § 3041(a), that parole "shall" be granted "unless" the prospective parolee currently poses an undue public safety risk, creates a federally protected liberty interest in parole. *McQuillion*, 306 F.3d at 901-903; see *Sass*, 461 F.3d 1123.

The Ninth Circuit further holds, again based on Supreme Court Authority, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), in accord with the California Supreme Court's holding in *Rosenkrantz*, that federal due process requires the Governor's findings that support its parole decisions to be supported by at least "some evidence" having "some indicia of reliability." *McQuillion*, 396 F.3d at 904; see *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128-1129 (9th Cir. 2006); *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007); *Biggs v. Terhune*, 334 F.3d 920, 915 (9th Cir. 2003).

3. ***The controlling state court decision is an unreasonable application of federal authority, facts and law, has been supplanted by more recent state decisions, and is therefore entitled to no federal habeas deference***.

As detailed above, the state court's published decision is unavailing because in merely finding evidence to support the existence of the facts recited by the Governor to support his decision, the court failed to exercise its duty under the some evidence standard to vacate a decision like the Governor's here that fails to set forth any evidence suggesting that Ms. Tripp's parole currently posed an unreasonable public safety risk or any evidence suggesting how or why the offense facts recited have any bearing upon her public safety risk, the State's sole parole determinant, found by the State's forensic experts for over a decade to be negligible, based on those same facts

TRIPP v. DAVISON; Petitioner's Traverse – Page 7

Because the controlling state court decision applied the some evidence test to an irrelevant issue and failed to address the majority of Ms. Tripp's claims, it cannot be deemed a reasonable (if any) interpretation or application of the facts or law, and is not entitled to federal habeas deference under the AEDPA.

Where as here the state courts did not address the constitutional claims raised, a federal habeas court will conduct a *de novo* review of the sufficiency of the evidence. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) ["where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue . . . the only method by which we can determine whether a silent state court decision is objectively unreasonable"].

Importantly, the Court of Appeal decision at issue has been supplanted by several new Court of Appeal decisions directed (by remand) and approved by the California Supreme Court. Please see *In re Viray, In re Singler*, and *In re Burdan*, cited at pages 3-4 above.

4. **Respondent's additional contentions lack merit.**  Petitioner respectfully leaves resolution of the Governor's claims that Ms. Tripp has no protected liberty interest under the statute in her entitlement to a parole date, even after it has been twice granted (Answer, p. 3), and that the some evidence standard of review does not apply (Answer, p. 7) to the Court's sound discretion. Respondent's assertion, that Ms. Tripp "merely alleges a disagreement with the Governor's decision" (Answer, p. 6) should be disregarded as patently false.

Other than in conclusions, the Answer failed to address Mr. Tripp's constitutional claims regarding the falsity and inapplicability of the facts used

by the Governor as the ground for reversing her parole grant, and the violation of her plea bargain upon the promise of prison and parole terms for an *unpremeditated second*-degree murder.

## CONCLUSION

Based on Ms. Tripp's claims, the most salient of which have not been addressed by the State Courts or in the Answer, and the supporting facts, authorities, and exhibits she has submitted, the Governor's decision cancelling her parole for the second time should be set aside, and the parole date granted by the Board should be effectuated.

Petitioner respectfully draws the Court's attention to the California Supreme Court's pending decisions in *In re Lawrence* and *In re Shaputis* which address the claims at bench and will be issued by September 2008.

Dated: 7-2-08

Respectfully submitted,

[signature]
Adrian T. Woodward
Counsel for Petitioner
Brandee Tripp

# DECLARATION OF SERVICE BY MAIL

Case : **Tripp v. Davison, No. 07-05748 CW**

I declare that I am a citizen of the United States. I am over the age of 18 and am not a party to the within title cause.

On _July 2, 2008_, I served the attached

**Petitioner's Traverse**

on the parties listed below by enclosing same in an envelope to which adequate postage was affixed, and depositing same at the United States Post Office in Walnut, California for mailing.

> Attorney General
> 455 Golden Gate Avenue
> San Francisco, California 94102

I declare, under penalty of perjury, that the facts I have stated above are true and correct.

Dated _July 2, 2008_, at Walnut, California

_Joseph Westco_
Declarant